FILED
JAN 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| CAROL HENNESSY<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO and<br>DANIELLE ALLEN<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    07CV550<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT

Now comes Carol Hennessy, by and through her attorney Thaddeus J. Hunt of the Law Offices of Thaddeus Hunt, and for her complaint against University of Chicago ("University") and Danielle Allen ("Allen") (collectively "Defendants"); and complains of said defendants as follows:

### Jurisdiction and Parties

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with defendant University, pursuant to "The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq; "The Civil Rights Act of 1991, as amended.

2. This Court has jurisdiction pursuant to 29 U.S.C. §626 and 28 USC 1331, 1343(4).

3. Plaintiff is a resident of the State of Michigan.

4. Defendant University is a private university with its headquarters and offices in the Northern District of Illinois, specifically the City of Chicago, County of Cook, State of Illinois, and is subject to the jurisdiction of this Court.

5. Defendant Allen is an individual employed by Defendant University during all times stated in this complaint; and Defendant Allen is believed to be a resident of the City

of Chicago, County of Cook, State of Illinois, and is subject to the jurisdiction of this Court.

6. Events giving rise to this cause of action stem from an employment relationship that existed in the Northern District of Illinois.

## Statement of Facts

7. Plaintiff is a female aged 58 years at the time of the termination of her employment.

8. Plaintiff has an Associate's Degree and over 30 years experience working in Universities across the United States and abroad.

9. At the time of the wrongful termination of Plaintiff's employment she was replaced by a female aged approximately 30 years.

10. Defendant University is a four year private educational institution that receives federal funding and is an equal employment opportunity and affirmative action employer.

11. On or about September 1, 1978, Plaintiff began her employment with Defendant University; and Plaintiff's position at the time of her termination of employment with Defendant University was Department Secretary (Secretary IV C10) for Defendant University's Department of East Asian Languages and Civilization.

12. At all times relevant to this complaint, Plaintiff's various and expansive job duties as a Department Secretary, included but was not limited to:

    a. Organization of meetings
    b. Fund accounting and budget administration
    c. Supervision of clerical staff
    d. Student assistance

  e. Arrangement of travel and living accommodations

  f. Event planning

  g. Alumni relations

  h. Database management

  i. Interaction with intra-mural and extra-mural agencies.

13. Throughout the course of her employment with Defendant University, Plaintiff has performed her duties in a manner that was satisfactory or better.

14. Plaintiff has been an administrative assistant to numerous professors as well as a secretary to department chairs throughout the course of her employment.

15. Plaintiff timely filed a grievance with the Defendant University through her union, and subsequently with the Equal Employment Opportunity Commission, and brings this action within 90 days of receiving the notice of right to sue. A copy of the aforementioned right to sue letter is attached hereto and incorporated herein as Exhibit A.

## Count I
## Age Discrimination

16. Plaintiff incorporates by reference paragraphs 1 through 15.

17. At all material times, Defendant University was an employer, covered by and within the meaning of "The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq; "The Civil Rights Act of 1991, as amended..

18. Plaintiff's age was a factor that made a difference in Defendant University's decision to subject her to the wrongful and discriminatory treatment and employment termination described herein.

19. Plaintiff was also subjected to treatment disparate from that of individuals of significantly younger ages.
20. Defendant University treated Plaintiff differently from similarly situated employees from outside her protected class by virtue of the following acts:
    a. On January 17, 2005, Defendant Allen issued termination papers to the Plaintiff citing a "layoff" and "reduction in workforce" as the basis for her and the Defendant University's actions.
    b. On March 18, 2005, Defendant Allen acting at the direction of the Defendant University issued a document re-stating that Plaintiff had been selected from a pre-determined group of employees as the first to be terminated under the "layoff" and "reduction in workforce" plan.
    c. Plaintiff was the most senior person of this pre-determined group in both terms of age and experience; and Plaintiff was the only person terminated.
    d. On July 7, 2005, Defendant Allen acting at the direction of the Defendant University issued another document claiming a "reduction in workforce" due to reorganization.
    e. Sometime shortly thereafter, Defendant Allen at the direction of the Defendant University created a new position under her direct authority; and said position was at the same level (Secretary IV C10) as the position from which Plaintiff was terminated allegedly due to a "reduction in workforce."
    f. Plaintiff's timely application for this new position was denied by Defendant Allen acting on the direction and authority of the Defendant University.

    g. Plaintiff was denied other positions for which she applied during the relevant times in this complaint, though she was well and more qualified than others.

21. Defendant University, by its agents, representatives, and employees including Defendant Allen, was predisposed to discriminate on the basis of age or in retaliation against Plaintiff's exercise of her rights under Federal and anti-discrimination laws, and acted in accordance with that predisposition.

22. Defendant University's and Defendant Allen's actions were intentional and retaliatory and with a reckless indifference to Plaintiff's rights and sensibilities.

23. If Plaintiff had been younger, she would not have been treated in the manner described.

24. As a direct and proximate result of Defendant University's and Defendant Allen's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

25. In particular, Defendants' actions are at least contributory to Plaintiff's continuing declining health.

**PLAINTIFF REQUESTS** relief from this Court against Defendant as follows:

a. an order of this Court placing Plaintiff into the position she would have held if there had been no discrimination and retaliation by Defendant;

b. an injunction prohibiting any further acts of retaliation or discrimination;

c. an order of this Court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

d.  an order of this Court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

e.  an award to Plaintiff of reasonable attorney fees, costs of litigation, and interest;

f.  an order of the Court granting Plaintiff further relief that it deems just and equitable.

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: 1/26/2007

Carol Hennessy
Plaintiff

Dated: 1/26/2007

Thaddeus J. Hunt, Esq. (6277694)
Attorney for Plaintiff
53 West Jackson Boulevard
Suite 1620
Chicago, Illinois 60604
(312) 834-0609

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Carol Hennessy
699 Larson Rd.
P.O. Box 132
Galien, MI 49113

From: St Louis District Office - 560
Robert A. Young Bldg
1222 Spruce Street
Saint Louis, MO 63103

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2005-09372 | Lucille H. Slater, Investigator | (314) 539-7906 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* James R. Neely, Jr.
Director

NOV 0 6 2006
(Date Mailed)

Enclosures(s)

cc: Aneesha Ali
Affirmative Action Officer
UNIVERSITY OF CHICAGO
5801 Ellis Ave.
Room 501
Chicago, IL 60637

**EXHIBIT A**